Boswell and another *vs.* Blackman.

---

No. 93.—JOHN J. BOSWELL and G. H. SIMS, plaintiffs in error, *vs.* JOHN C. BLACKMAN, defendant in error.

[1.] The admissions of one of two or more parties to the record, are not admissible to bind the others, until a joint interest is proven by other testimony.

[2.] Witnesses were called to impeach the credibility of a witness in the cause, who swore that they had known him for eight or ten years, in the County of *Russell, Alabama ;* that he was generally known, and had a general reputation in that County. They were then asked, "do you know the general character of A B, for truth and veracity in the County of *Russell :*" *Held,* that the question, with the preliminary proof, was proper.

Assumpsit, &c. in Muscogee Superior Court. Tried before Judge IVERSON. November Term, 1852.

John C. Blackman brought suit against John J. Boswell and George H. Sims, jointly, upon an account for one hundred days' work and labor, at $2 per day.

Upon the trial, plaintiff below offered in evidence, the depositions of Burrel Blackman and Thomas G. Blackman, taken under commission ; both of whom testified to conversations with John J. Boswell, in which Boswell admitted that he had em-

ployed the plaintiff for himself and Sims, at $2 per day, to work upon the mills of Boswell & Sims.

Sims, by his counsel, objected to these depositions being admitted in evidence against him. The Court overruled the objection, and Sims has assigned error, separately, thereon.

Defendants below introduced as witnesses, Walker B. Harris and Alexander McDougald, who stated that they had known Burrel Blackman for the last eight or ten years, in the County of Russell, in Alabama; that Blackman was generally known, and had a general reputation in the County. Defendants then proposed to ask these witnesses if they knew the general character of Blackman for truth and veracity, in the *County of Russell.* The Court ruled out the question, deciding that it should be confined to the character of the witness in the *neighborhood* where he lived.

To this decision, defendants below excepted.

Evidence was introduced to show that the work done by plaintiff below was valueless to the defendants.

The Court charged the Jury that, if the defendants agreed to pay plaintiff $2 per day, or other specific sum, for working on a mill by the day, the defendants superintending and directing his work on the mill, the defendants were bound to pay the plaintiff for the time he was engaged at the work.

To this charge defendants excepted.

Upon these exceptions error has been assigned.

JOHNSON & PATTERSON, for plaintiff, in error.

MOSES, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The admissions of one of two or more parties to the record do not bind the others, and are not admissible, unless a joint interest is established by independent proof. As in cases of partnership, the partnership being proven, the admissions of one, are the admissions of all. In all cases where the admis-

sions of one party are sought to be given in evidence to bind the others, a joint interest must be *first* proven. Whether a partnership be proven in any given case of this kind, is a preliminary question for the Court. Here, whether the defendants were jointly interested in the mill, as part owners, and therefore, jointly bound to the plaintiff, upon the contract for doing the work on the mill, is a question of fact to be tried by the Jury. There was some evidence of a joint interest, and for that reason, the admissions of Boswell were well admitted, but the Court ought to have instructed the Jury that they were not to regard them as evidence, unless they believed that the joint interest was proven. He was not requested so to instruct them, and his omission, therefore, to do so, is not error. 2 *Kelly,* 244–5–6, *and authorities there referred to.*

[2.] The usual form, with us, of putting the question with a view to impeach the credibility of a witness, is, as the Court below held that it should be put, thus: " any one acquainted with the general character of A. B. for truth and veracity, in the neighbourhood where he resides." The question proposed to be put and ruled out in this case, was this : "do you know the general character of A. B. for truth and veracity, in the County of Russell?"

Disconnected with any other proven facts, I should hold that the last named question would not do; but before putting it, the plaintiffs in error had proven, by the impeaching witnesses, that they had known the witness sought to be impeached, for the last eight or ten years, in the County of Russell, Alabama; that he was generally known, and had a general reputation in the County. These things being true, the question propounded comes within all the reasons upon which the other question is held proper. The impeachment must be by persons acquainted with the witness. And they are called to speak of his general character for truth and veracity—not the world over, or in London, or Paris, or Columbus, but in that circle where his real character is best known, to wit : in the neighborhood where he lives. Now, when a witness is generally known, and has a general reputation in a County, that County may be fairly con-

sidered his vicinage ; it is fair to infer, under such circumstances, that his true character for truth is as well known in that County, as men's character for truth ordinarily is known in their neighborhood.

The questions raised on the charge of the Court, were abandoned on the argument.

Let the judgment be reversed on the last ground.