45407. W. J. BREMER, INC. v. UNITED BONDING INSURANCE COMPANY.

EVANS, Judge. This is a review of the denial of a motion for summary judgment by the plaintiff in a suit on a bond in which the plaintiff alleges it supplied certain materials to the contractor in the performance of a contract to build certain public low-rent housing. The contractor has allegedly failed to pay for the materials, and the bond indemnifies the prompt payment "of all just claims of all persons furnishing materials under or for the purpose of the contract." The defendant bonding company opposed the motion for summary judgment and introduced the affidavit of the vice president of the corporate contractor who deposed on his own personal knowledge, among other things, as follows: "Affiant states that the amount

claimed by plaintiff in the above named action is not correct. Affiant states that the correct balance due the above named plaintiff is $2,810.37."

The plaintiff's motion sought a judgment in excess of the $2,810.37 admitted to be due. Defendant's affidavit sufficiently raised the issue that defendant did not owe more than $2,810.37. All inferences must be resolved in favor of the party opposing a motion for summary judgment. *Sellers v. Wolverine Soap Co.,* 19 Ga. App. 295 (1) (91 SE 489); *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (126 SE2d 442); *Curry v. Durden,* 103 Ga. App. 371 (1) (118 SE2d 871); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408); *Northwestern University v. Crisp,* 211 Ga. 636, 647 (88 SE2d 26). The deponent in the affidavit opposing the motion likewise swore that "a number of the items charged by the plaintiff against (the corporate contractor) . . . and attempted to be included in any recovery in this matter, are items of machinery and equipment that were and are available for work on jobs other than that of the Housing Authority of the City of Alma." Since the affidavits in the record are in conflict as to the material facts, the lower court did not err in denying summary judgment, since there remain substantial issues to be determined by reason of the conflict. *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736 (123 SE2d 179); *Bankers Fidel. Life Ins. Co. v. O'Barr,* 108 Ga. App. 220, 222 (132 SE2d 546). While there may be a recovery on a public contractor's bond for material and labor used in incidental and current repairs to the contractor's machinery, the bond in this instance stating that it was for the use of "all persons doing work or furnishing skills, tools, machinery or materials under or for the purpose of the contract hereinabove referred to," the affidavit offered by the defendant here states that certain of the items of machinery or equipment "were and are available for work on jobs other than" this particular contract. See *Yancey Bros., Inc. v. American Surety Co.,* 43 Ga. App. 740 (160 SE 100); *Western Cas. &c. Co. v. Fulton Supply Co.,* 60 Ga. App. 710 (4 SE2d 690). Thus there remains for determination by the jury (1) the correct amount due plaintiff in this action, and (2) the amount of machinery, equipment and tools pur-

chased which were consumed on this particular public works project whereby the bonding company would be liable under the bond. Examination of the invoices shows that machinery and equipment, as well as materials used in the construction of the building, are contained therein. It was the duty of the movant in the motion for summary judgment to eliminate the necessity for a jury trial by showing that all these items were consumed in the construction in order for the trial judge to make a determination that no material fact remained and the moving party was entitled to a judgment as a matter of law. "The trial court's function in ruling on a motion for summary judgment is analogous to the function he performs when ruling on a motion for directed verdict. The essence of both motions is that there is no genuine issue of material fact to be resolved by the trior of the facts, and that the movant is entitled to judgment on the law applicable to the established facts." *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (1), supra. See also *Northwestern University v. Crisp,* 211 Ga. 636, supra; *Holland v. Sanfax Corp.,* 106 Ga. App. 1, supra. The appellant having failed to carry the burden, the lower court did not err in denying summary judgment.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*
ARGUED JUNE 9, 1970—DECIDED JUNE 25, 1970—REHEARING DENIED JULY 13, 1970.

*Friedman, Haslam & Weiner, Nelson Haslam,* for appellant.
*Bennett, Pedrick & Bennett, Wilson G. Pedrick,* for appellee.