46601. STALVEY et al. v. OSCEOLA INDUSTRIES, INC.

DEEN, Judge. Taking the defendants' failure to reply to requests for admission as a concession that the matters inquired about are true *(Code Ann.* § 81A-136) it appears on plaintiff's motion for summary judgment unaided by affidavits from either side that plaintiff's action against the defendants is on open account for fertilizer ordered on various occasions; that approximately 20 documents exhibited by the plaintiff as invoices for fertilizer are genuine; that some of the invoices are marked "paid" and most are marked "charge"; and that on several occasions H. C. Stalvey or his wife wrote a memorandum stating: "Please load this truck. Thanks." However, plaintiff requested only an admission of the genuineness of the memoranda and invoices, not a statement of the truth of their contents. We may infer from them that defendants ordered the fertilizer and that the plaintiff billed them for it, but the defendants' answer denies the correctness of the ledger sheets attached as an exhibit to the petition and alleges that the defendants are not indebted to the plaintiff in any amount. Plaintiff offers nothing but an unverified and controverted pleading to show delivery to the defendants or indebtedness in the amount alleged. While failure of the defendants to plead an affirmative defense such as failure of consideration or payment would preclude them from offering evidence on such affirmative defenses on the trial of the case *(Code Ann.* § 81A-108 (c); Lopez v. U. S. Fidelity &c. Co., 18 FRD 59) on proper objection, it will not supply the place of proof of every element necessary for the plaintiff's recovery on motion for summary judgment. *Matthews v. North Cobb Tire Co.,* 120 Ga. App. 269 (170 SE2d 57). At least two of the elements not so established are price and delivery. The requests for admission established the genuiness of the documents but not their accuracy; accordingly, a justiciable issue remained.

See *State Farm Mut. Auto. Ins. Co. v. Wendler,* 115 Ga. App. 452 (154 SE2d 772). The trial court erred in granting the motion.

*Judgment reversed. Bell, C. J., and Pannell, J., concur.*

ARGUED OCTOBER 4, 1971—DECIDED OCTOBER 27, 1971.

*Jack J. Helms,* for appellants.

*Walters & Davis, J. Harvey Davis,* for appellee.