### 56261. KIRK et al. v. BARNES et al.

SMITH, Judge.

Robert Kirk, individually, and Home & Industrial Grading Co., Inc., of which Kirk is president, brought suit against M. L. Barnes and Sam Trapp, alleging the defendants jointly and severally owed money for certain grading and construction work performed by the plaintiffs. Defendant Trapp made no appearance in the case. At the close of the evidence, the court directed three verdicts: (1) in favor of both defendants against plaintiff Kirk; (2) in favor of plaintiff Home & Industrial Grading Co. against the absent defendant, Trapp; and (3) in favor of defendant Barnes against plaintiff Home & Industrial Grading Co. This appeal by the plaintiffs alleges the court erred in excluding Kirk's testimony as to admissions made by defendant Trapp, and in directing the verdict exonerating defendant Barnes. We agree, and the judgment is reversed.

1. "The admission by a party to the record shall be admissible in evidence when offered by the other side." Code § 38-403. In the case of joint defendants, the admission of one is admissible to establish the plaintiff's case against that defendant. *Moore v. McAfee,* 151 Ga. 270 (7) (106 SE 274) (1920). And, upon independent proof of a joint interest, the admissions of one party may be given in

evidence to bind the other parties as well. *Boswell v. Blackman,* 12 Ga. 591 (1853). Such proof of a joint interest having been offered, the exclusion of Kirk's testimony as to admissions made by Trapp was error.

2. Kirk testified that his corporation had performed work for Barnes, at his direction, under his supervision, and with his inspection and approval, and that Barnes had refused, upon demand, to render payment for the work. Barnes testified that Kirk's corporation had done no such work, and that he owed no money. The evidence was in square conflict, and directed verdicts are proper *only* "[i]f there is no conflict in the evidence as to any material issue ..." CPA § 50(a) (Code Ann. § 81A-150) (a)). The directed verdict in favor of Barnes against Home & Industrial Grading Co. was error.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 11, 1978 — DECIDED OCTOBER 5, 1978.

*Patton & Hoyt, C. Ronald Patton,* for appellants.
*Horace T. Clary,* for appellees.