S90A1308. TAQUECHEL et al. v. CHATTAHOOCHEE BANK.
S90A1309. NATIONAL PRODUCT MARKETING, INC.
et al. v. CHATTAHOOCHEE BANK.
S90X1310. CHATTAHOOCHEE BANK v.
MOM CORPORATION et al.
(400 SE2d 8)

BENHAM, Justice.

The Chattahoochee Bank sued the corporate and individual defendants on a note and guaranties of that note, and sought to set aside allegedly fraudulent conveyances from several of the defendants to another defendant. Defendants filed counterclaims and third-party claims. The trial court granted summary judgment to the Bank on all its claims except one for punitive damages, granted the Bank summary judgment on the defendants' counterclaim, and made the judgment final pursuant to OCGA § 9-11-54 (b). The individual defendants contest that judgment in Case No. S90A1308, the corporate

defendants contest it in Case No. S90A1309, and the Bank appeals an evidentiary ruling in Case No. S90X1310.

1. All the defendants raised various issues regarding liability, but our review of the record reveals their contentions in that regard to be without merit and to warrant no further discussion. However, one of their contentions regarding damages is meritorious and must be addressed.

The money judgment was for the principal and interest sought by the Bank. Those amounts were established in Paragraph 17 of an affidavit from a bank officer named McLaughlin. That paragraph was stricken by the trial court at defendants' request on the ground that it relied upon records which were not attached to it. The Bank suggests in argument that a deposition of another bank officer could be considered on the same point, but the deposition suffers from the same fatal flaw as the affidavit: the absence of records. It follows, then, that defendants are correct in arguing that the record, as it existed at the time of the grant of summary judgment, did not authorize the entry of judgment for the amounts which were awarded.

2. The exclusion of Paragraph 17 of McLaughlin's affidavit is the subject of the Bank's cross-appeal. We find no merit in the Bank's position.

Where records relied upon and referred to in an affidavit are neither attached to the affidavit nor included in the record and clearly identified in the affidavit, the affidavit is insufficient. [Cit.] The [Bank] should have attached copies of the records pertinent to the [defendants'] debt. [Cit.] [*Pratt v. Tri City Hosp. Auth.*, 193 Ga. App. 473, 474 (388 SE2d 69) (1989).]

The affidavit in question in this case recited that it was based in part on bank records, and it is clear from the context that the portion of the affidavit which set out the amount owed by defendants was based on bank records. *Murphy v. First Nat. Bank*, 182 Ga. App. 788 (6) (357 SE2d 266) (1987), on which the Bank relies, is incorrect in holding that the balance owed on a debt could be established on summary judgment by means of a bank president's affidavit which referred to bank records but did not have the records attached. That holding is contrary to the requirements of OCGA § 9-11-56 (e) and is disapproved. *Jernigan Auto Parts v. Commercial State Bank*, 186 Ga. App. 267 (367 SE2d 250) (1988), which cites *Murphy*, supra, is distinguishable from the present case because the affidavit there was not used to establish the amount of the debt, which was not in dispute.

3. In summary, we find no basis for reversing the judgment of the trial court insofar as the liability of the defendants is concerned. The

award of damages, however, must be reversed since there is no competent evidence in the record establishing the amount owed by defendants.

*Judgment affirmed in part and reversed in part in Case Nos. S90A1308 & S90A1309. Judgment affirmed in Case No. S90X1310. Clarke, C. J., Smith, P. J., Bell, Hunt, Fletcher, JJ., and Judge James H. Weeks concur; Weltner, J., not participating.*

DECIDED JANUARY 31, 1991.

*Gambrell, Clarke, Anderson & Stolz, Irwin W. Stolz, Seaton D. Purdom,* for Taquechel et al. and National Products Marketing et al.

*Kilpatrick & Cody, Susan A. Cahoon, Stephen E. Hudson, Bedford, Kirschner & Venker, Andrew R. Kirschner,* for Chattahoochee Bank.