A91A1405. WATSON v. GEORGIA STATE DEPARTMENT OF EDUCATION CREDIT UNION.
(412 SE2d 286)

CARLEY, Presiding Judge.

Appellee-plaintiff brought suit, seeking to recover on a promissory note executed by appellant-defendant. After appellant had answered, cross-motions for summary judgment were filed. Appellant appeals from the trial court's grant of summary judgment in favor of appellee.

1. The only evidence submitted in support of appellee's motion was the affidavit of its president. Although the affidavit referred to appellee's records regarding the note, the records were not attached thereto and they do not otherwise appear of record. Nevertheless, appellee urged below and urges on appeal that, under *Murphy v. First Nat. Bank*, 182 Ga. App. 788 (6) (357 SE2d 266) (1987), the affidavit of its president was sufficient to meet its evidentiary burden as the movant for summary judgment.

" 'Where records relied upon and referred to in an affidavit are neither attached to the affidavit nor included in the record and clearly identified in the affidavit, the affidavit is insufficient. [Cit.] [Appellee] should have attached copies of the records pertinent to [appellant's] debt. [Cits.]' The affidavit in question in this case recited that it was based in part on [appellee's] records, and it is clear from the context that the portion of the affidavit which set out the amount owed by [appellant] was based on [appellee's] records. *Murphy v. First Nat. Bank*, [supra,] on which [appellee] relies, is incor-

rect in holding that the balance owed on a debt could be established on summary judgment by means of a bank president's affidavit which referred to bank records but did not have the records attached. That holding is contrary to the requirements of OCGA § 9-11-56 (e) and is disapproved." *Taquechel v. Chattahoochee Bank*, 260 Ga. 755, 756 (2) (400 SE2d 8) (1991).

It follows that, under controlling Supreme Court authority, the trial court erred in granting appellee's motion for summary judgment.

2. Appellee contends that appellant's answer was not timely filed and that it is, therefore, nevertheless entitled to a default judgment against her under OCGA § 9-11-55. However, appellee's motion was not at all "predicated on assertions of appellant's default. The motion did not, [moreover], invoke the applicable statutory provisions. OCGA § 9-11-55, not OCGA § 9-11-56, is the controlling statute on the issue of default. A motion for '. . . summary judgment' is not an appropriate means by which a plaintiff can secure a judgment based upon the defendant's alleged default. 'Assuming for the purpose of argument that [appellant] . . . was in default, the proper judgment to be entered was . . . a default judgment pursuant to (OCGA § 9-11-55), and not a summary judgment pursuant to (OCGA § 9-11-56), which is inappropriate under the circumstances here.' [Cit.]" *Williams v. Heykow, Inc.*, 171 Ga. App. 936, 937 (321 SE2d 431) (1984).

3. Construing the evidence most favorably for appellee, appellant likewise failed to demonstrate that no genuine issue of material fact yet remains as to her liability on the note. Accordingly, the trial court correctly denied appellant's motion for summary judgment.

*Judgment affirmed in part and reversed in part. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED NOVEMBER 5, 1991.

*James R. Jester*, for appellant.
*A. Joseph Nardone, Jr.*, for appellee.