A94A0038. TRICO INSURANCE AGENCIES, INC. v.
SELECTIVE INSURANCE COMPANY OF AMERICA et al.
(444 SE2d 119)

BLACKBURN, Judge.

Appellant Trico Insurance Agencies, Inc. (Trico), an independent insurance agency, appeals the trial court's award of summary judgment to appellees Selective Insurance Company of America (Selective), a multi-line, property and casualty carrier, and Donald McCarty, Selective's vice president. On appeal, Trico asserts that questions of material fact preclude the award of summary judgment.

The underlying dispute arose due to Trico's failure to make the required payments outlined in its $102,976.31 promissory note to Selective. Selective filed suit on the promissory note. In its answer, Trico denied liability on the note and asserted counterclaims alleging that Selective interfered with its contractual and business relation-

---

ships and defamed its reputation. The trial court granted Selective's motion for summary judgment and determined that Selective should recover the net principal amount of $42,644.17, pre-judgment interest, and attorney fees from Trico. Additionally, the trial court dismissed with prejudice Trico's counterclaims.

1. Trico contends that issues of material fact exist regarding the amount owed Selective. Specifically, Trico argues that the affidavit produced by Selective's senior vice president fails to establish facts upon which to determine the amount owed. The affiant avers: "I have reviewed Selective's records to determine the amount owed by Trico on the Note. As of the date the Complaint was filed in this action, April 17, 1991, the unpaid principal balance under the Note was $43,244.96. Since that date, the net activity on Trico's account has resulted in an additional credit to Trico in the amount of $600.82. Accrued but unpaid interest under the Note as of February 18, 1993 equals $9,942.00. Accordingly, the total amount owed by Trico under the Note as of February 18, 1993 in unpaid principal and accrued interest equals $52,586.14. Interest continues to accrue on the unpaid principal balance of the Note at the rate of 10% per annum. I have prepared a summary of Trico's indebtedness to Selective under the Note which is attached hereto as Exhibit 'G.' " The specific underlying documents or accounts which the affiant reviewed to determine these conclusions were not referenced or attached to the affidavit.

On motion for summary judgment, Selective was required to produce evidence conclusively establishing that no issue of material fact remained and that it was entitled to judgment as a matter of law. *Fortier v. Jordan's Jewelers*, 208 Ga. App. 527 (2) (430 SE2d 829) (1993). This burden is not met by conclusory affidavits. *Carlos Jones Constr. Co. v. Fed. Deposit Ins. Corp.*, 169 Ga. App. 899, 900 (315 SE2d 458) (1984). "Where records relied upon and referred to in an affidavit are neither attached to the affidavit nor included in the record and clearly identified in the affidavit, the affidavit is insufficient. [Cit.]" *Pratt v. Tri City Hosp. Auth.*, 193 Ga. App. 473, 474 (388 SE2d 69) (1989). See also *Taquechel v. Chattahoochee Bank*, 260 Ga. 755 (2) (400 SE2d 8) (1991). Therefore, Selective failed to meet its burden as movant for summary judgment and the trial court erred in granting Selective's motion with regard to the amount owed between Selective and Trico.

2. Next Trico asserts that the trial court erred in granting Selective's motion for summary judgment with regard to Trico's counterclaims. Trico maintains that as a result of Selective's decision to terminate the agency agreement executed between the parties, the parties entered into a termination agreement which set forth certain conditions of termination. Trico asserts that the termination agreement is evidenced through several letters between the companies dis-

cussing the termination of their contractual relationship.

Trico's counterclaims premised on the existence of a termination agreement must fail. The agency agreement entered by the parties on October 1, 1988, provided that it was terminable by either party by giving at least 90 days' written notice to the other party. Written notice of termination was effective immediately in certain listed situations. The agency agreement further provided that no alterations or waivers were effective unless made in writing, signed by an authorized representative of both Selective and Trico, and attached to the agreement. Therefore, as Selective had the right to terminate the agency agreement, any subsequent termination agreement required consideration. *Ranger Constr. Co. v. Robertshaw Controls Co.*, 166 Ga. App. 679, 681 (305 SE2d 361) (1983). Trico's inability to establish consideration for the termination agreement is fatal to its counterclaims. Therefore, the trial court correctly granted Selective's motion for summary judgment on Trico's counterclaims.

3. We have reviewed Trico's additional claims and found them to be without merit.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MAY 4, 1994.

*Roberts, Isaf & Summers, W. Dennis Summers, Deena S. Woodall*, for appellant.

*Bisbee, Rickersen & Herzog, Richard B. Herzog, J. Robert Williamson*, for appellees.