## A99A1015. BATCHELOR v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(526 SE2d 68)

PHIPPS, Judge.

State Farm Mutual Automobile Insurance Company filed this complaint for declaratory judgment against Melissa Batchelor, John Glenn, and Warren Hauling, Inc. Batchelor appeals the trial court's grant of State Farm's motion for summary judgment.

Batchelor brought a personal injury action against Glenn and his employer Warren Hauling as a result of a traffic collision involving a truck operated by Glenn, owned by Warren Hauling, and insured by State Farm. State Farm sought a declaration that its insurance policy does not provide coverage for the accident. State Farm showed that its policy does not cover Glenn unless his use of the vehicle is with the consent of Warren Hauling and alleged that, on the evening of the accident, Glenn was using the truck for personal reasons even though he had permission to drive it only to and from work.

Pursuant to the Civil Practice Act, OCGA § 9-11-36 (a) (1), State Farm served Glenn with a request for admissions concerning the

truth of the above allegations. Glenn did not respond to the request for admissions, thereby admitting them.[1] State Farm later moved for summary judgment, claiming that there was no material issue of fact with respect to the matters set forth in the unanswered request for admissions. In opposition to State Farm's motion, Batchelor filed an affidavit in which Glenn testified that Warren Hauling had given him permission to operate the truck for his personal use. Because OCGA § 9-11-36 (b) provides that any matter admitted under OCGA § 9-11-36 is conclusively established unless the court on motion permits withdrawal of the admission, and because there was no motion to withdraw Glenn's admission, the court held that Batchelor could not contradict the admitted facts by affidavit testimony. As a result, State Farm's motion for summary judgment was granted. *Held*:

It is true that unlike an "evidentiary admission," which may be contradicted, facts admitted via requests for admission are "judicial admissions," which are conclusive unless withdrawal is permitted by the trial court.[2] But the question presented here is whether such admissions by one defendant are binding on another defendant.

OCGA § 24-3-31 (2), which is part of the Evidence Title of the Georgia Code, provides:

The admission by a party to the record shall be admissible in evidence when offered by the other side, except in the following cases: . . . [a]dmissions of one of several parties with no joint interest, unless the issue is of such character that the effect of the admission can be confined to the one party alone. . . .

Under this statute, it has been held that admissions in judicio as to matters of fact against one party's interest are binding on another party where the interests of the two are joint but not where their interests are adverse.[3] Inasmuch as the interests of Batchelor and Glenn are adverse, the judicial admissions of the latter are not binding on the former under OCGA § 24-3-31 (2).

Nor is Glenn's admission binding on Batchelor under OCGA § 9-

---

[1] OCGA § 9-11-36 (a) (2).

[2] *Stone v. Lenox Enterprises*, 176 Ga. App. 696, 697 (1) (337 SE2d 451) (1985).

[3] *Piedmont Aviation v. Washington*, 181 Ga. App. 730, 731 (1) (353 SE2d 847) (1987) and cits.; see also *Thomas v. Barnett*, 107 Ga. App. 717, 729 (5) (131 SE2d 818) (1963) (where defendants were sued as joint tortfeasors and filed separate answers admitting the allegations of negligence against the co-defendant but denying the allegations of negligence against him, the admission by the one that the other was negligent could not be considered "as evidence against" the other); compare *KHD Deutz of America Corp. v. Utica Mut. Ins. Co.*, 220 Ga. App. 194, 198 (3) (469 SE2d 336) (1996) (nothing prevents consideration of one party's admission as to his own conduct simply because establishing such party's wrongful conduct happens to work to the detriment of another party).

11-36 (b). Even though OCGA § 9-11-36 (b) states that unwithdrawn or unamended admissions are conclusively established, it does not expressly provide that such admissions are binding on a co-party. Moreover, OCGA § 9-11-36 by its terms does not authorize one party to object to a request for admissions directed to another party[4] or to move to withdraw another party's admission.[5] Consistent with this statutory scheme, the United States District Court for the Northern District of Georgia held in *Alipour v. State Auto. Mut. Ins. Co.*, that under the federal Civil Practice Act "the admissions of a party [do not] bind a coparty."[6] Although *Alipour* is not legally binding on this court,[7] we find it persuasive.[8]

For the above reasons, the grant of summary judgment against Batchelor must be reversed. Other issues are moot.

*Judgment reversed. Smith and Eldridge, JJ., concur.*

DECIDED OCTOBER 15, 1999.

*Jack F. Witcher, Ana M. Rountree*, for appellant.
*Sharon W. Ware & Associates, Donna W. Darroch*, for appellee.

---

[4] See OCGA § 9-11-36 (a) (2).

[5] See OCGA § 9-11-36 (b).

[6] (Punctuation omitted.) 131 FRD 213, 215 (N.D. Ga. 1990), citing Wright & Miller, Fed. Practice & Procedure § 2264, p. 741 (1970).

[7] *Winburn v. McGuire Investment Group*, 220 Ga. App. 384, 385 (1) (469 SE2d 477) (1996).

[8] *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327 (1) (486 SE2d 810) (1997).