## A99A1994. MOUNTAIN BOUND, INC. et al. v. ALLIANT FOODSERVICE, INC.
### (530 SE2d 272)

SMITH, Judge.

Alliant FoodService, Inc. sued Mountain Bound, Inc. d/b/a River Walk Grill, Paul B. Moye, and Fred R. Johnson for the value of goods allegedly provided on an open account. After considering the pleadings, briefs, and the applicable law and finding no genuine issues of disputed material fact, the trial court granted summary judgment to Alliant. Because Mountain Bound's evidence raised a disputed issue of material fact as to whether the goods for which Alliant billed were actually delivered, we reverse. See *Huntington v. Fishman*, 212 Ga. App. 27, 30 (441 SE2d 444) (1994) (summary judgment foreclosed when material factual issue in dispute).

Mountain Bound was organized for the sole purpose of operating River Walk Grill, a restaurant. In January 1997, Mountain Bound submitted an application for credit to Alliant, a food products supplier. Part of this credit application included a personal guaranty purportedly signed by Moye and Johnson. After several months of activity, River Walk Grill ceased operation in October 1997. Alliant filed this suit in April 1998 to recover the balance allegedly remaining on the account.

Moye answered the complaint separately from the other defendants by sending a letter directed to Alliant's counsel, which Moye requested counsel to file with the court. In this unverified response, Moye asserted that Mountain Bound and Johnson were the ones indebted to Alliant. He claimed that although his name appeared on the credit application and personal guaranty, he was not an actual guarantor of the debt.

Mountain Bound and Johnson filed an answer that was verified by Johnson, individually, and by Homer Mathis, as corporate president of Mountain Bound. The answer denied any indebtedness to Alliant. Johnson, on deposition, explained that as an investor and the corporate secretary, he had not participated in the day-to-day operation of the restaurant. Johnson testified that Moye, as the president or chief executive officer, had been responsible for managing the business. Speaking only for himself and not on behalf of the corporation, Johnson added, "I don't know whether there is a debt owed or not."

In opposition to Alliant's motion for summary judgment, Mountain Bound and Johnson submitted the affidavit of Mathis. Mathis, who testified that he made the affidavit based upon his personal knowledge, represented that "I am the President of Mountain Bound, Inc." According to Mathis's testimony, he had reviewed the business records of Mountain Bound as well as the records submitted by Alliant that Alliant claimed constituted proof of the delivery of goods.

Mathis testified that "[t]he goods were not delivered to or accepted by Mountain Bound, Inc." Mathis further testified that Mountain Bound did not owe any amount to Alliant.

In finding no material issues of disputed fact, the trial court implicitly ignored the affidavit of Mathis and yet considered the unverified answer of Moye, which stated that Mountain Bound and Johnson were indebted to Alliant in the amount of $22,252.32. Mountain Bound and Johnson appeal the judgment entered against them. Moye is not a party to their appeal.

1. Mountain Bound and Johnson contend that the trial court erred in considering Johnson's deposition because the original sealed deposition had not been filed with the court prior to the court's consideration of that testimony.

In granting summary judgment, the trial court considered a copy of this deposition that was attached to Alliant's motion. Even assuming that the original sealed deposition had not yet been filed, the trial court could properly consider this evidence. *Anderson v. Hendrix*, 175 Ga. App. 720, 721 (1) (334 SE2d 697) (1985); see OCGA § 9-11-29.1 (a) (5); *Gen. Motors Corp. v. Walker*, 244 Ga. 191 (259 SE2d 449) (1979). In any event, the failure to assert this issue and elicit a ruling by the trial court resulted in the waiver of this objection. *Glisson v. Morton*, 203 Ga. App. 77, 78 (2) (416 SE2d 134) (1992); see *Carter v. Myers*, 204 Ga. App. 498, 500 (1) (419 SE2d 747) (1992).

2. Mountain Bound and Johnson assert that the trial court improperly considered a defendant's unverified response to Alliant's complaint.

With certain statutory exceptions, a party may avail himself of admissions made in the pleadings. OCGA § 24-3-30; *Greene v. Gulf Oil Corp.*, 119 Ga. App. 87, 89-90 (2) (166 SE2d 626) (1969). An admission against interest made by one defendant as to matters of fact may be binding upon other defendants when their interests are joint but not when their interests are adverse. *Batchelor v. State Farm &c. Ins. Co.*, 240 Ga. App. 366, 367 (526 SE2d 68) (1999). An admission of one party does not necessarily bind other parties unless and until a joint interest is proven by other independent evidence. *Kirk v. Barnes*, 147 Ga. App. 423-424 (1) (249 SE2d 140) (1978); see OCGA § 24-3-31 (2). Moreover, this rule as to admissions in judicio does not apply to opinions or legal conclusions, but only to statements of fact. *Aycock v. Calk*, 228 Ga. App. 172, 173-174 (491 SE2d 383) (1997); see *Sommerfield v. Blue Cross &c.*, 235 Ga. App. 375, 377 (2) (509 SE2d 100) (1998); *Gunter v. Hamilton Bank &c.*, 201 Ga. App. 379, 380 (411 SE2d 115) (1991).

In this case, in paragraph IV of his pro se answer to the complaint, Moye stated:

The corporation, Mountain Bound Inc., and defendant, Fred R. Johnson, Jr., are indebted to the plaintiff for the estimated sum of $22,252.32. The defendant, Paul Moye, whose name appears upon the credit application and personal guarantee is for the purpose of the issuance of checks by the corporation to the plaintiff.

Moye further claimed: "Defendant, Paul Moye, is not the actual guarantor of the debt to Alliant FoodService based upon the plaintiff's own business actions and policies. That the sum of $22,252.32, attorney fees and interest are not attachable to the plaintiff, Paul Moye." Moye's conclusion that the corporation and Johnson are the parties indebted to Alliant and that he is not likewise indebted is a legal conclusion or Moye's own opinion. Similarly, Moye's claim that he is not an "actual guarantor" is merely his opinion. Since Moye's pleading is replete with his legal conclusions and opinions, it cannot be considered an admission in judicio that would be effectively binding upon Mountain Bound and Johnson. *Aycock*, supra. In filing this answer, moreover, Moye's interest was directly adverse to that of Mountain Bound and Johnson. To the extent that Moye's assertion in his responsive pleading that the other defendants "are indebted to the plaintiff for the estimated sum of $22,252.32," could be considered an admission of a fact, see *Greene v. Gulf Oil*, supra, it is not binding upon the others because Moye's position in his answer was clearly adverse to both Mountain Bound and Johnson. For these reasons, the trial court should not have considered it in awarding summary judgment to Alliant.

3. Mountain Bound and Johnson contend that the trial court erred in refusing to recognize that the affidavit of Mathis raised a disputed issue of material fact. They argue that the remaining evidence precluded the award of summary judgment.

A crucial rule of summary judgment procedure is that a trial court cannot resolve facts or reconcile issues but can only ascertain if a material factual issue remains in dispute. *Bagley v. Firestone Tire &c. Co.*, 104 Ga. App. 736, 739 (123 SE2d 179) (1961). When there are conflicting affidavits as to material facts, summary judgment is properly denied. *W. J. Bremer, Inc. v. United Bonding Ins. Co.*, 122 Ga. App. 183, 184 (176 SE2d 633) (1970).

Proof of delivery is an essential element of Alliant's entitlement to recovery on the account. *Stalvey v. Osceola Indus.*, 124 Ga. App. 708 (185 SE2d 629) (1971). But that element was not established without dispute. While the affidavit of Mathis is not dispositive of the factual question of whether the goods were actually delivered, neither is the competing affidavit of W. Scott Griffin, Jr. offered by Alliant.

Business records, when appropriate, must accompany an affidavit purporting to establish the amount of a debt. *Casey v. North Decatur Courtyards &c. Assn.*, 213 Ga. App. 190, 191-192 (2) (444 SE2d 361) (1994). When records relied upon and referred to in an affidavit are neither attached to the affidavit nor included in the record, the affidavit is insufficient. *Taquechel v. Chattahoochee Bank*, 260 Ga. 755, 756 (2) (400 SE2d 8) (1991); *Watson v. Ga. State &c. Credit Union*, 201 Ga. App. 761 (1) (412 SE2d 286) (1991).

In this case, Griffin, Alliant's credit manager, testified in his affidavit that he was familiar with the business records involved in the transaction as shown "by the true and accurate copies attached hereto." But no records appear to have been attached to this affidavit. Griffin's affidavit also attests that "[t]rue and correct copies of the proofs of deliveries are attached to plaintiff's motion for summary judgment." But the only document attached to the motion is a computer printout of certain billings, payments, and credits. This printout does not prove that the goods were delivered, but only that Alliant billed for them. See *Thomasson v. Trust Co. Bank*, 149 Ga. App. 556, 558-559 (254 SE2d 881) (1979). An affidavit lacking in the needed supporting documentation is not sufficient to prove an amount of indebtedness. *Trico Ins. Agencies v. Selective Ins. Co.*, 213 Ga. App. 138, 139 (1) (444 SE2d 119) (1994). Consequently, this affidavit without its referenced documentation was not sufficient within the meaning of *Taquechel*, supra, and *Watson*, supra.

Although Alliant now claims that Mathis "was not qualified to make the affidavit" because Moye, not Mathis, was corporate president, the record does not indicate that Alliant first moved to strike this testimony and then obtained a ruling from the trial court on that basis. *Fed. Ins. Co. v. Oakwood Steel Co.*, 126 Ga. App. 479, 481 (191 SE2d 298) (1972); see *Vaughn & Co. v. Saul*, 143 Ga. App. 74, 78 (237 SE2d 622) (1977) (motion to strike must be timely made or it is waived). Alliant's failure to procure a ruling by the trial court on the admissibility of this affidavit resulted in waiver of this issue on appeal. *Glisson*, supra.

A verified pleading may serve as the functional equivalent of an affidavit and suffice to create an issue of fact. *Foskey v. Smith*, 159 Ga. App. 163 (283 SE2d 33) (1981). Here, Mountain Bound and Johnson's verified answer and the sworn denials set forth in Mathis's affidavit when contrasted to the averments made by Griffin demonstrate the existence of disputed questions of fact. *Hopkins v. Garner & Glover Co.*, 233 Ga. App. 264, 268 (2) (a) (504 SE2d 78) (1998). When viewed in the light most favorable to the nonmovants, we find that the opposing evidence indicates a factual dispute as to whether the goods for which Alliant sought payment were received. *King v. Amoco Oil Co.*, 182 Ga. App. 838, 839 (1) (357 SE2d 291) (1987). Since the

sufficiency of the competing evidence cannot be weighed, the conflicting assertions in the parties' competing affidavits necessitate jury resolution. *Shalom Farms v. Columbus Bank &c. Co.*, 169 Ga. App. 145, 148 (2) (312 SE2d 138) (1983). In light of the conflicting evidence, a justiciable issue remains unresolved, and summary judgment must be reversed. *Stalvey*, supra at 709; *Foskey*, supra.

*Judgment reversed. Pope, P. J., and Miller, J., concur.*

DECIDED MARCH 1, 2000.

*Frank H. Jones*, for appellants.

*Howe & Associates, Sandra M. Torres, Mark A. Moore, William L. Henderson*, for appellee.