A00A0264. SOUTHERN WATERS DEVELOPMENT, INC. et al. v. THOMAS R. HOPSON-BROKER, INC.

(535 SE2d 20)

JOHNSON, Chief Judge.

Thomas R. Hopson-Broker, Inc. ("Hopson-Broker") sued Southern Waters Development, Inc. and its president, Alphonso Waters,

Jr., (collectively "Southern Waters") for breaching an open account agreement. Hopson-Broker moved for summary judgment, presenting evidence that Southern Waters purchased and failed to pay for building materials totaling $33,534. In response, Southern Waters admitted owing money under the agreement but claimed that it owed only approximately $23,700. The trial court granted summary judgment to Hopson-Broker, and Southern Waters appeals.

1. Southern Waters contends that summary judgment was improper because the amount owed is in dispute and Hopson-Broker failed to proffer sufficient evidence showing that the amount sought was correct. We hold that Hopson-Broker failed to meet its burden of showing it is entitled to summary judgment in the amount of $33,354.

In support of its motion for summary judgment, Hopson-Broker submitted the affidavit of its chief financial officer. In his affidavit, the financial officer states that he has personal knowledge of and has reviewed the account and that Southern Waters owes Hopson-Broker $33,534 for materials purchased on the account. He avers that payment was requested but not received. Attached to his affidavit is a document entitled "CAROLINA BUILDERS CORP. CASH RECEIPTS INQUIRY," which appears to be a computer printout. On the document are the numbers 2,402.10 and 26,191.12, listed under the headings "G/L" and "A/R." The document also contains a handwritten notation beneath these figures: "PLUS BAD CHECK OF 4941.75," which is followed by "$33,534.97." Hopson-Broker also points to Alphonso Waters' deposition, in which Waters admitted owing "approximately $23,700."

In response to the motion, Southern Waters pointed to its answers to interrogatories in which it maintained that the amount sought by Hopson-Broker exceeded the amount owed and that it had made payments on the account. Southern Waters also pointed to Alphonso Waters' deposition testimony in which Waters admitted that money is owed but asserted the amount was "approximately $23,700," rather than the amount claimed. Because the entire deposition is not included in the record, we cannot determine whether Waters elaborated upon the statement or offered any evidence to support it.

On motion for summary judgment, the movant is required to produce evidence conclusively establishing that no issue of material fact remains and that it is entitled to judgment as a matter of law.[1] The evidence proffered by Hopson-Broker is vague at best. It includes

---

[1] *Trico Ins. Agencies v. Selective Ins. &c.*, 213 Ga. App. 138, 139 (1) (444 SE2d 119) (1994).

no details as to transactions, purchases or payments and no calculations. It does not contain even the slightest indication as to how Hopson-Broker arrived at the amount sued upon. In fact, the figures shown on the "CASH RECEIPTS INQUIRY" do not add up to the amount sued upon. Although Southern Waters has admitted owing "approximately $23,700" on the account, there is no clear evidence in this record as to the exact amount owed — only an approximation. Indeed, the admission that it owes "approximately $23,700" leaves uncertain the amount of indebtedness.[2]

While Hopson-Broker has shown that no genuine issue of material fact remains as to whether Southern Waters is liable on the account in some amount, it has not satisfied its burden of showing the absence of an issue as to the exact amount of the indebtedness. The trial court therefore erred in granting summary judgment to Hopson-Broker for the amount it claims is due.[3]

2. Hopson-Broker's motion to assess frivolous appeal damages is denied.

*Judgment reversed and case remanded. Phipps, J., and McMurray, Senior Appellate Judge, concur.*

DECIDED MAY 17, 2000.

*Emmett C. Touchstone, Jr.,* for appellants.
*Jackel, Rainey, Marsh & Busch, James C. Busch, Chad K. Reed, Richard A. Hull,* for appellee.

[2] *Edge v. Stephens,* 172 Ga. App. 759, 760 (324 SE2d 579) (1984).
[3] *Yalanzon v. Citibank,* 169 Ga. App. 961, 962 (1) (315 SE2d 677) (1984).