A07A1909. OVIP, INC. v. BLOCKBUSTER TEXTILES, LLC.
(656 SE2d 907)

ADAMS, Judge.

Blockbuster Textiles, LLC, a linen supply company, brought suit against OVIP, Inc. d/b/a Vinings Inn seeking to recover on an open account and for damages for breach of the parties' contract. OVIP subsequently filed a motion for summary judgment, contending that it had paid the account in full, that it did not breach the contract, and that even if it did breach the contract, the amount of liquidated damages was incorrectly calculated. Blockbuster responded and moved to strike OVIP's motion on the basis that it did not comply with Uniform Superior Court Rule 6.5; Blockbuster also filed a cross-motion for summary judgment. After a hearing, the trial court granted Blockbuster's motion for summary judgment and awarded it $11,611.64 on its open account claim and $13,025.80 on its claim for liquidated damages. OVIP appeals.

As is relevant here, the contract provided that OVIP would use Blockbuster as its exclusive supplier of restaurant linens for a period of 24 months beginning September 1, 2004. The contract further

---

[1] *Hall v. Hall*, 281 Ga. App. 256, 257 (635 SE2d 847) (2006) (footnote omitted).

provided for liquidated damages if OVIP terminated the contract prior to the expiration date for any reason other than documented service complaints to Blockbuster that were not resolved within 30 days. In addition to the payment of all unpaid charges on the account prior to termination, the liquidated damages provision provided that OVIP must pay the greater of (1) the average weekly invoice total multiplied by the number of weeks remaining in the unexpired term of the contract, or (2) the current replacement cost of all linens and other products allocated to OVIP.

In support of its motion for summary judgment, Blockbuster submitted the affidavit of its Chief Financial Officer, Greg Hood. In his affidavit, Hood averred that beginning April 1, 2005 and through October 17, 2005, OVIP refused to pay the agreed-upon rental rate for the restaurant linens as provided in the contract. According to the Hood affidavit, the unpaid invoice amount for the period totaled $11,611.64. His affidavit further provided that OVIP refused to accept further deliveries of linens from Blockbuster after October 17, 2005. As of that date, 45 weeks remained in the contract and Hood averred that the average weekly invoice total was $723.66. Thus, Hood calculated the liquidated damages owed by OVIP under the contract as follows: "The average weekly invoice of $723.66 multiplied by 40% multiplied by 45 weeks equals $289.46 per week or $13,025.80 in total." OVIP responded to Blockbuster's motion by challenging the amount of payments Blockbuster credited to its account and further contending that it was not in breach of the contract. OVIP also contended that even if it breached the contract, the amount of liquidated damages calculated by Blockbuster was erroneous because the average of the invoice total was improperly calculated by Blockbuster. OVIP makes these contentions in this appeal as well, and additionally challenges the enforceability of the liquidated damages provision of the contract.[1]

1. Citing *Lager's v. Palace Laundry*, 247 Ga. App. 260, 266 (3) (543 SE2d 773) (2000), OVIP argues for the first time on appeal that the liquidated provision was unenforceable because "the contract's formula for computing liquidated damages does not yield a reasonable pre-estimate of probable loss." However, OVIP did not challenge the enforceability of the liquidated damages provision below. Rather, it only challenged the amount of damages that Blockbuster should be awarded pursuant to that provision if it was found in breach of the contract.

---

[1] We note that OVIP's brief on appeal does not contain proper citations to the record as required by Court of Appeals Rule 25 (c) (3) (iii).

Blockbuster argues that OVIP is foreclosed from challenging the enforceability of the liquidated damages provision for the first time on appeal. It is true that both of our appellate courts have consistently refused to consider arguments advancing new legal theories for the first time on appeal.

> As we have held, " ' "(i)ssues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken. One may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on (below)." ' " *Assn. Svcs. v. Smith*, 249 Ga. App. 629, 632 (1) (549 SE2d 454) (2001); see also *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 828-829 (2) (573 SE2d 389) (2002) (Court of Appeals properly refused to review argument made in opposition to summary judgment that was raised for the first time on appeal).

*CPD Plastering v. Miller*, 284 Ga. App. 172, 174 (1) (643 SE2d 392) (2007).

In its reply brief to this Court, OVIP relies on *Dental One Assoc. v. JKR Realty Assoc.*, 269 Ga. 616 (501 SE2d 497) (1998) for the proposition that it may raise new issues of law on appeal. But our Supreme Court has explained

> [t]hat case does not stand for the proposition that a party can raise new legal issues on appeal. Instead that case simply acknowledges that to be entitled to summary judgment, a party who bears the burden of proof at trial must present the trial court with the facts showing its entitlement to judgment. When the record fails to contain the facts supporting the grant of summary judgment, the non-movant may argue this ground to the appellate court regardless of whether the non-movant asserted an "objection to the prima facie case."

(Footnote omitted.) *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 830 (3) (573 SE2d 389) (2002). See also *Aukerman v. Witmer*, 256 Ga. App. 211, 218 (3) (568 SE2d 123) (2002).

OVIP also makes the additional argument in its reply brief that genuine issues of material fact remain as the enforceability of the provision because Blockbuster failed to prove the three factors which must be present for the trial court to determine, as a matter of law, whether the provision is enforceable. *Peterson v. P. C. Towers, L.P.*, 206 Ga. App. 591, 593 (3) (426 SE2d 243) (1992) (the three factors are: injury caused by the breach must be difficult or impossible of accurate

estimation; parties must intend to provide for damages rather than a penalty; the sum stipulated must be a reasonable pre-estimate of the probable loss). But Blockbuster did address these factors in its cross-motion for summary judgment, and as stated above, at no time did OVIP challenge the enforceability of the provision, instead disputing the accuracy of Blockbuster's calculation of those damages. Moreover, this Court has previously held that "[t]he party who defaults on a contract has the burden of proving that a liquidated damages provision is an unenforceable penalty." (Footnote omitted.) *Turner v. The Atlanta Girls' School*, 288 Ga. App. 115, 116 (653 SE2d 380) (2007). See also *Swan Kang, Inc. v. Tae Sang Kang (YI)*, 243 Ga. App. 684, 686-687 (1) (534 SE2d 145) (2000). This enumeration is thus without merit.

2. OVIP next contends that genuine issues of material fact remain as to the amounts owed on the account because Blockbuster has failed to introduce all the invoices issued during the relevant period (April 1, 2005 to mid-October 2005) or make a proper showing of how the payments were credited to its account during that period. Contrary to OVIP's argument, it does appear that all invoices for the period April 1, 2005 to mid-October 2005 were attached as exhibits to Hood's affidavit. However, it is true that the record is lacking with regards to the documentation concerning all payments that were made by OVIP during the period. Blockbuster relies on Hood's affidavit to show that some of the amounts paid by OVIP during the relevant time frame were credited to amounts owing prior to April 1, 2005 — specifically that the October 12, 2005 payment by check in the amount of $3,570.49, which is included in the record on appeal, was credited to amounts owed for March 2005 and that OVIP's payment by check dated September 12, 2005, also included in the record, was credited to the amounts owing for February 2005. But other than Hood's affidavit, there is nothing in the record to support this contention because Blockbuster did not submit the unpaid invoices for these months and there is no other documentation or evidence to show what was owed for either February or March 2005. In other words, we have before us the cancelled checks referred to in the Hood affidavit, but not the invoices or other documentation showing how these payments were credited as averred in the affidavit.

> Business records, when appropriate, must accompany an affidavit purporting to establish the amount of a debt. *Casey v. North Decatur Courtyards &c. Assn.*, 213 Ga. App. 190, 191-192 (2) (444 SE2d 361) (1994). When records relied upon and referred to in an affidavit are neither attached to the affidavit nor included in the record, the affidavit is insufficient. *Taquechel v. Chattahoochee Bank*, 260 Ga. 755, 756 (2)

(400 SE2d 8) (1991); *Watson v. Ga. State &c. Credit Union,* 201 Ga. App. 761 (1) (412 SE2d 286) (1991).

*Mountain Bound v. Alliant FoodService,* 242 Ga. App. 557, 560 (3) (530 SE2d 272) (2000). We thus agree with OVIP that Blockbuster has not carried its burden of showing that there is no genuine of issue of material fact as to the exact amount of the indebtedness. The trial court thus erred in granting summary judgment to Blockbuster in the amount of $11,611.64. *Southern Waters Dev. v. Thomas R. Hopson-Broker, Inc.,* 244 Ga. App. 47, 49 (1) (535 SE2d 20) (2000).

3. OVIP also argues that even if Blockbuster is entitled to liquidated damages, issues of fact remain as to the proper calculation of those damages, specifically that there is no documentation to support the calculation of the average weekly invoice total. We disagree. Hood explained in his affidavit how the damages were calculated, as provided in the contract, and the invoices for the relevant period were attached as exhibits to the affidavit. The trial court's order is thus affirmed to the extent that it awarded Blockbuster $13,025.80 on its claim for liquidated damages.

4. Lastly, OVIP argues that Blockbuster has failed to show that it breached the contract by refusing to pay because it issued a check to Blockbuster on October 17, 2005, the day Blockbuster claimed the breach occurred. Pretermitting the merits of this argument, Blockbuster also claimed that the contract was breached when OVIP refused to and failed to accept delivery of the linens as provided by the terms of the contract. We agree that Blockbuster presented uncontradicted evidence as to the delivery issue, and thus it was entitled to summary judgment on its claim that OVIP breached the parties' contract. We thus remand for further proceedings consistent with this opinion.

*Judgment affirmed in part and reversed in part, and case remanded with direction. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 24, 2008.

*Daniel L. Britt, Jr.,* for appellant.
*Freeman, Mathis & Gary, T. Bart Gary, Neil L. Wilcove,* for appellee.