**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**January 25, 2023**

# In the Court of Appeals of Georgia

A22A1549. GEORGIA FILM PROPERTY RENTALS, LLC et al.
v. PENNYLANE FUNDING, LLC.

DOYLE, Presiding Judge.

Pennylane Funding, LLC, ("Pennylane") filed suit on a note against Georgia Film Property Rentals, LLC, and Terron Parks (collectively "Georgia Film"). Pennylane moved for summary judgment, which the trial court granted, and this appeal followed. The Appellants argue that the trial court erred by granting summary judgment (1) because conflicting affidavits for Pennylane resulted in disputed material facts; and (2) because the interest rate was usurious. For the reasons that follow, we vacate and remand for further proceedings pursuant to this opinion.

When the record is viewed in favor of the non-moving party, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," then the trial court should grant the motion for summary judgment.[1] "Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met."[2]

The record shows that on March 15, 2019, Georgia Film executed a promissory note for $385,104 in favor of Pennylane. Georgia Film was expected to begin monthly interest payments of $4,492.88 on May 1, 2019, with a balloon payment of the remaining balance and interest by March 14, 2020. The terms stated that the amount was being loaned from March 2019 to March 2020 at a rate of 14 percent "per annum, compounded monthly, on the unpaid balance until paid," although payments were not set to begin until May 2019. The note stated that "[a]ny installment not received within five (5) days of the due date . . . shall bear a late charge of ten (10%) percent of the amount of the installment . . . . This shall include any balloon installment due." The note contained an acceleration clause, and it additionally stated

---

[1] OCGA § 9-11-56 (c).

[2] *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010).

that unpaid installments would "bear interest at the rate of 18[] [percent] per annum from maturity."

Georgia Film made seven monthly payments from May 2019 to November 2019. On January 15, 2020, Pennylane sent a notice of default and acceleration of the note to Georgia Film after it failed to make payments in December 2019 or January 2020.

In addition to the note, Georgia Film secured the loan with an interest in certain real property, upon which Pennylane eventually foreclosed on September 1, 2020, after Georgia Film defaulted. After the foreclosure sale was confirmed, a separate proceeding in Fulton Superior Court authorized Pennylane to proceed with this action to collect the remainder of the debt owed under the note, which Pennylane calculated to be $208,353.87 as of March 30, 2021, in its verified complaint.[3]

Georgia Film answered, disputing that it owed $208,353.87 and arguing that Pennylane only advanced $154,347 in funds — not $385,104 as stated in the note. Georgia Film contended that it paid over $31,450.16 in installment payments to Pennylane and $141,000 was paid as a result of the foreclosure sale. Georgia Film

---

[3] Initially, Georgia Film defaulted in this action, and the trial court entered a default judgment, which it later vacated, opening default and allowing the case to proceed.

attached to its answer a copy of a sworn affidavit purportedly from Pennylane's principal, John Barbee, averring that as of May 2020 (prior to the foreclosure sale) "the then-current balance under the [n]ote was $169,247.74 in principal and interest in the amount of $5,958.68." Georgia Film also argued that Pennylane was not due any damages under OCGA § 13-6-11. The attached affidavit from Barbee, however, was from June 2021, and it stated the following:

> According to the account ledger, the Subject Note has an outstanding account in amount of $150,278.92. I have arrived at these figures by reviewing the account books and records that are in my possession and control for Pennylane. (A copy of the Payoff Calculation for the Note is attached hereto as Exhibit "A"). This includes the principal amount due of $207,758.14, a late fee in the amount of $38,510.40, and interest in the amount of $52,357.06 through June 9, 2021. In addition, pursuant to the express terms of the Note, Pennylane is entitled to collect attorney's fees and costs in the amount of $31,163.72, which represents 15 [percent] of the total aggregate amount due. This total also credits the Account with the foreclosure proceeds in the amount of $141,000[].

Pennylane moved for summary judgment on November 4, 2021, arguing that the undisputed facts showed that

> the principal amount was [for] $385,104[]. The Affidavit of Indebtedness also establishes that Defendants failed to make timely payments, are in default, and owe and [sic] outstanding debt in the

4

amount of $150,278.92 through June 9, 2021[,] plus a per diem of $102.46 from June 10, 2021. This total also credits the account with the foreclosure proceeds in the amount of $141,000[]. In addition, pursuant to the express terms of the Note, Plaintiff is entitled to collect attorney[] fees and costs in the amount of $31,163.72.

It attached a copy of the confirmation of sale of the real property and Barbee's June 2021 affidavit, which referred to a ledger that was not attached.[4]

Prior to the summary judgment hearing, on December 13, 2021, Georgia Film responded, again arguing that it did not owe the total as calculated by Pennylane. This time, Georgia Film attached a copy of the Barbee May 2020 affidavit, which it had attempted to submit previously and which stated that "[t]he books and records of Plaintiff show that [Georgia Film] is liable to Plaintiff in the principal amount of $169[,]247.74, interest of $5[,]958.68, continuing interest at the rate of 8.5[ percent] through the date of judgment, attorney[] fees pursuant to OCGA § 13-1-11 and court costs." An accounting form for the loan was also attached, showing a payoff total of $215,232.36 as of February 2020, which total reflected a credit for unused escrow of $230,507.

---

[4] The affidavit and ledger was later refiled on March 2, 2021, the day before the summary judgment hearing.

After the summary judgment hearing,[5] Georgia Film filed an emergency motion to supplement the record with several exhibits, including Parks's affidavit, Barbee's May 2020 affidavit, the complaint filed in a prior lawsuit by Pennylane, a letter of notice of default from Pennylane's lawyer to Georgia Film regarding failure to pay the note, and various accounting documents for the project. On March 21, 2022, the trial court granted summary judgment to Pennylane after denying Georgia Film's emergency motion to supplement the record.

The trial court's order contained explicit calculations based on its interpretation of the note and its findings of fact. The trial court calculated that as of January 2020, Georgia Film had missed two monthly payments, totaling $9,884.37 in payments and late fees, and the court found that 18 percent interest applied from January 15, 2020 forward. The court then found that by that date, Georgia Film should have paid $45,202.32 in interest but had only paid $31,450.16.[6]

The court calculated that at the time of the foreclosure sale, Georgia Film owed $225,278.13, which included late fees, interest, and attorney fees for the

_____

[5] The hearing was not transcribed.

[6] This calculation is erroneous. Per the language of the contract, by January 15, 2020, Georgia Film should have made nine interest payments of $4,492.88 each, of which it made seven. Nine payments of $4,492.88 is $40,435.92.

6

foreclosure sale. The court applied the proceeds of the foreclosure sale, calculating that Georgia Film owed a remaining $84,278.13. After applying 18 percent interest to the 552 days between September 1, 2020, and March 7, 2022, the court found that Georgia Film owed $84,278.13 and $22,942.12 in pre-judgment interest, with post-judgment interest accruing at 18 percent annually. This appeal followed.

1. Georgia Film first argues that the trial court erred by granting summary judgment because of the conflicting affidavits of Pennylane's principal. Citing *Mountain Bound, Inc. v. Alliant Food Service, Inc.*,[7] for the rule that "[a] crucial rule of summary judgment procedure is that a trial court cannot resolve facts or reconcile issues but can only ascertain if a material factual issue remains in dispute. When there are conflicting affidavits as to material facts, summary judgment is properly denied,"[8] Georgia Film argues that it was improper for the trial court to grant summary judgment on the disputed calculations in the record.

> The cardinal rule of contract construction is to ascertain the intention of the parties. When construing a contract, a trial court must first determine whether the contract terms are ambiguous. An ambiguity exists where the words used in the contract leave the intent of the parties

---

[7] 242 Ga. App. 557 (530 SE2d 272) (2000).

[8] (Citations and punctuation omitted.) Id. at 559 (3).

in question — i.e., that intent is uncertain, unclear, or is open to various interpretations. No ambiguity arises if the contract is capable of only one reasonable interpretation. Whether an ambiguity exists presents a question of law for the trial court, which must examine the contract as a whole and afford[ ] the words used in their plain and ordinary meaning. The court will enforce an unambiguous contract according to its plain terms. [9]

We agree with Georgia Film, not because of the difference of any affidavit made by Pennylane and Barbee, but because of the plain language of the note itself. Based on the note, had Georgia Film paid as expected, it would have made $53,914.56 in interest-only payments by March 2020, $4,492.88 per month from May 2019 to February 2020 followed by $8,985.76 in March 2020 in addition to the remaining portion of the $385,104 still due at that time. Georgia Film, however, did not take from escrow the full $385,104 — it is undisputed that $230,507 remained and was applied to the balance by Pennylane. Therefore, at the time of default, which the trial court calculated to be January 15, 2020 (this date is not disputed by

---

[9] (Citations and punctuation omitted.) *Samdperil v. Watson*, 359 Ga. App. 129, 130-131 (1) (856 SE2d 768) (2021).

Pennylane), Georgia Film owed $154,597 in principal and $22,410.40 in missed interest payments.[10]

Moreover, because the trial court incorrectly calculated the final balloon installment amount to be the face value of the note ($385,104) rather than the face value minus the escrow credit, it also incorrectly applied a 10 percent late fee on the face value rather than the remainder of the principal, i.e., 10 percent of $154,597, which is $15,459.70 and not $38,510.40 as calculated by the trial court.[11]

Accordingly, because the trial court's calculations were based on this incorrect reading of the plain language of the note, we vacate the order and remand for recalculation of the final judgment pursuant to this opinion. We otherwise hold that based on the plain language of the note, there is no genuine issue of material fact that would preclude the grant of summary judgment.

---

[10] Based on the note, there would have been payments of $4,492.88 in December 2019, January 2020, and February 2020, leaving an interest payment of $8,985.76 due in March 2020 with the principal payoff.

[11] We note that the ten percent fee would also be applied to the two additional missed interest payments in February 2020 and March 2020 totaling $13,748.64, which would have been $1,374.86.

2. Georgia Film also argues that the trial court erred by applying an interest rate in violation of this State's usury law, OCGA § 7-4-1 (b) (1), but because this defense was not timely raised below,[12] Georgia Film is estopped from raising it here.[13]

*Judgment vacated and case remanded with direction. Hodges, J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[12] Georgia Film raised the defense of usury in its emergency filing, which was not accepted by the trial court.

[13] See, e.g., *Clark v. Kaiser Agricultural Chem.*, 156 Ga. App. 251, 252 (1) (274 SE2d 648) (1980) ("One who has an opportunity to set up the defense of usury and fails to do so is [precluded] by the judgment.").