A89A0127. VOLUME TIRE COMPANY v. O'CONNER.
(378 SE2d 415)

DEEN, Presiding Judge.

The appellant, Volume Tire Company, brought this suit on an open account against All-Star Tire Company (All-Star), and against

Don O'Conner as personal guarantor. This appeal follows the trial court's grant of summary judgment for O'Conner.

In January 1987 All-Star purchased on credit some tires from the appellant. The credit application indicates All-Star as the purchaser and identifies the corporate officers, including O'Conner as president. O'Conner signed the application, which contains a promise to pay the monthly account in exchange for the appellant's extending credit, but he did not indicate his corporate capacity. In an affidavit submitted in support of his motion for summary judgment, O'Conner stated that he signed the credit application and dealt with the appellant only in his corporate capacity, and that he had never been requested by appellant to guarantee payment personally. Countering this evidence was the affidavit of the appellant's vice-president and secretary/treasurer, who averred that in negotiating the sale the appellant had insisted that O'Conner personally guarantee payment or it would not extend credit to All-Star for the purchase. *Held*:

1. "Where there is a written contract, not under seal and not containing a so-called integration or 'entire agreement' clause, parol is admissible to show the capacity in which one signed such agreement. [Cits.]" *Evans v. Smithdeal*, 143 Ga. App. 287, 289-90 (238 SE2d 278) (1977). The affidavit of the appellant's vice-president and secretary/treasurer sufficed to create an issue of fact over the capacity in which O'Conner executed the credit application and agreement to pay the account. Summary judgment for O'Conner was inappropriate.

2. O'Conner's motion for imposition of a penalty for frivolous appeal, pursuant to Rule 26 (b) of the Rules of the Court of Appeals, is denied.

*Judgment reversed. Birdsong and Benham, JJ., concur.*

DECIDED FEBRUARY 9, 1989.

*Arthur L. Phillips*, for appellant.
*Richard A. Epps*, for appellee.