A94A1252. MORRIS et al. v. WILLIAMS et al.
(448 SE2d 267)

BIRDSONG, Presiding Judge.

Barney Morris and Daryl Washington sued Welton S. Williams in a shareholder's derivative action, alleging that Williams abused and commingled the funds of the corporation formed by the parties. Morris and Washington each contributed $15,000 to the capital funds. Williams, with 64.7 percent of stock issued, was majority shareholder and chief executive officer. The trial court denied appellants Morris' and Washington's motions for directed verdict. The jury returned a verdict against them and the trial court denied their motions for new trial. *Held*:

1. Appellants contend the trial court erred in permitting Williams, over objection, to testify that he was personally responsible for leases for office space and computers and that it was corporate practice to pay for automobile expenses. This evidence was relevant to the issues raised by appellants and it was not prejudicial. As to any point of law, appellants cite no legal authority. See Court of Appeals Rule 15 (c) (3).

2. Appellants contend the trial court erred in charging the jury that "those powers inherent in the office of president [of the corporation include] . . . the apparent powers which the corporation permits him to exercise without objection."

Appellee Williams contends the charge is the law, as it was said in *Garmany v. Lawton*, 124 Ga. 876 (1) (53 SE 669) that when there is no board of directors or the directors are inactive and the executive officer discharges its duties, and the shareholders by direct act or acquiescence invest the executive officer with the powers and functions of the board of directors as a continuous and permanent arrangement, his acts are valid as "against the corporation, or a creditor," even though they may not have been authorized by formal vote.

The concept stated in *Garmany* is not the same thing as "apparent powers." "Apparent authority" is an agency concept which refers to an agent's authority as it is apparent to third parties. Apparent authority is that which the principal's conduct leads a third party reasonably to believe the agent has; it creates an estoppel allowing third parties to bind a principal to the agent's acts on account of the principal's conduct, reasonably construed by third parties acting in innocent reliance thereon. See *Addley v. Beizer*, 205 Ga. App. 714, 717-719 (423 SE2d 398). Where there were no manifestations of authority by the principal to a third party, apparent authority is not in issue. Id. quoting *Trust Co. of Ga. v. Nationwide Moving &c. Co.*, 235 Ga. 229, 232 (219 SE2d 162). It is incorrect to suggest that, as between the president and his principal (the corporation), the acts which he seems to exercise without objection are within his "apparent powers." As between himself and the corporation he has no "apparent" authority. A corporate officer has only such actual, implied, or inherent powers as the law gives him or as may arise out of special circumstances arising out of the conduct of the principal, that is, the corporation. See *Addley* at 718.

The charge was therefore imprecise, but the statement about "apparent" powers was harmless inadvertence. In its entirety, the charge was correct. See *Cordova v. State*, 191 Ga. App. 297 (3) (381 SE2d 436). The trial court corrected any possible misimpression by repeatedly referring only to the president's "inherent" powers, and by charging that an officer cannot go beyond his actual authority and inherent power to do acts "which were not intended by the [corporation] . . . unless the directors and officers allowed them to do it."

3. Appellants contend the trial court erred in charging that Williams could be found to have authority by acquiescence, as there was no evidence appellants acquiesced in his "self-dealing" with corporate funds. This enumeration is without merit. There was evidence that appellants failed to object to Williams' acts; that the corporation leased and maintained vehicles for appellants as well as a used Merce-

des for Williams; that the parties met regularly and discussed corporate business; that appellants were aware of expenditures and had access to the corporate checkbook; and that all parties received loans from the corporation and other benefits similar to those Williams gave himself. Moreover, the charge correctly states that the evidence on the point of acquiescence was disputed. The fact that the charge may not apply to every act of Williams did not make it inappropriate. See *Adams v. State*, 193 Ga. App. 628 (388 SE2d 747).

4. Appellants contend a jury charge as to shareholders' duty to act promptly to obtain redress was legal error. This argument is not supported by legal authority and is deemed abandoned. Court of Appeals Rule 15 (c) (3).

5. Appellants contend evidence of the adverse effect on the corporation of their work after they left its employment was irrelevant. Appellants earlier allowed such evidence and they cannot later complain of it. See *Steverson v. Hosp. Auth. of Ware County*, 129 Ga. App. 510, 514 (199 SE2d 881). Moreover, the evidence was relevant to Williams' counterclaim.

6. Appellants contend the trial court erred in refusing to direct a verdict in their favor at the close of the evidence. A directed verdict can be granted only where there is no conflict in the evidence as to any material issue and the evidence introduced with all reasonable deductions therefrom demands that particular verdict. OCGA § 9-11-50 (a); *Truck Parts &c. v. Rutledge*, 211 Ga. App. 166 (2) (438 SE2d 404). A denial of directed verdict cannot have been error where a jury has rendered a verdict in favor of the opposite party and there is competent evidence to support it. The jury is the final arbiter of the facts and the verdict is construed in the light most favorable to upholding the jury's verdict. *Hill v. Rodriguez*, 208 Ga. App. 108 (1) (429 SE2d 682). As the verdict is supported by some evidence, it must be upheld. Although the evidence was disputed, the jury reconciled the evidence in Williams' favor and this verdict is supported.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED AUGUST 26, 1994.

*Robert H. McDonnell*, for appellants.
*Anthony M. Thomasson*, for appellees.