A08A1565. WALKER et al. v. ACE AUTO SALES & LEASING, INC. et al.

(668 SE2d 877)

JOHNSON, Presiding Judge.

Raymond Walker and Jack Boatright sued ACE Auto Sales & Leasing, Inc., Deborah Mason, Leonard Mason, and Dereck Mason, alleging that ACE Auto defaulted on loans Walker and Boatright provided to finance ACE Auto's purchase of automobiles for resale. The trial court denied the motions for partial summary judgment filed by Walker and Boatright and granted the motions for summary judgment filed by the individual defendants. Because we find that the trial court should have denied the cross-motions for summary judgment, we affirm in part and reverse in part.

Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law.[1] We review the grant of summary judgment de novo, construing the evidence and all reasonable inferences in favor of the nonmoving party.[2]

Here, the evidence shows that Walker and Boatright both entered into unwritten agreements with Leonard Mason, allegedly acting as an agent or employee of ACE Auto. Pursuant to those agreements, Walker and Boatright would periodically loan funds to ACE Auto for the purchase of vehicles from wholesale used car auctions. The parties did not agree as to when the loans became due, but they acknowledged that repayment included both the principal and a ten percent surcharge. As security for the loans, Walker and Boatright retained physical possession of the certificates of title for any vehicles purchased with funds they had provided.

1. Walker and Boatright claim that the trial court erred in denying their motion for partial summary judgment against ACE

---

[1] *Christensen v. Overseas Partners Capital*, 249 Ga. App. 827 (549 SE2d 784) (2001).
[2] Id.

Auto. They first assert that ACE Auto's liability was admitted in pleadings filed by Leonard Mason and Deborah Mason, and that ACE Auto is bound by those admissions. We disagree.

Generally, a party may avail itself of factual admissions made in the pleadings.[3] However, admissions in judicio made by co-defendants, as here, may be binding upon other defendants only when their interests are joint, and not when their interests are adverse.[4]

Walker and Boatright first point to deposition testimony of Leonard Mason, in which they claim that Mason admitted ACE Auto owes at least $22,365 to Walker and $34,076 to Boatright. Leonard Mason is not a shareholder, officer, or director of ACE Auto, however, and Walker and Boatright have not come forward with independent evidence proving a joint interest between Leonard Mason and ACE Auto.[5] Based on Leonard Mason's personal negotiation of the un-written loans and his unclear relationship with ACE Auto, the trial court could have reasonably determined that his interests in the lawsuit were adverse to those of ACE Auto.[6] Moreover, because the rule as to admissions in judicio does not apply to opinions or legal conclusions, Leonard Mason's statements regarding amounts owed by ACE Auto were not binding admissions under OCGA § 24-3-30.[7]

Walker and Boatright also attempt to bind ACE Auto through the deposition testimony of Deborah Mason, who is the sister of Leonard Mason. In that testimony, Ms. Mason is asked about a letter that she wrote to counsel for Walker and Boatright. Ms. Mason acknowledges that the letter states "there is a balance owing to Mr. Boatright in the amount of $34,076.45" and that the letter does "not dispute that the amount of $22,365 plus ten percent interest is owed to Mr. Walker." This testimony cannot be considered a binding admission against ACE Auto, however, because it also included Ms. Mason's explicit acknowledgment that the statements made in the letter were based not on her own knowledge, but rather on informa-tion she received from counsel for Walker and Boatright. Ms. Mason deposed that she had "no idea" whether the statements in the letter were "actually right or wrong." Therefore, while Ms. Mason's deposition testimony, and the referenced letter, could be considered by a jury as evidence of liability, her testimony does not constitute a

---

[3] OCGA § 24-3-30.

[4] *Batchelor v. State Farm &c. Ins. Co.*, 240 Ga. App. 366, 367 (526 SE2d 68) (1999).

[5] *Kirk v. Barnes*, 147 Ga. App. 423, 423-424 (1) (249 SE2d 140) (1978).

[6] See *Mountain Bound v. Alliant FoodService*, 242 Ga. App. 557, 559 (2) (530 SE2d 272) (2000).

[7] *Howell Mill/Collier Assoc. v. Pennypacker's*, 194 Ga. App. 169, 172 (2) (390 SE2d 257) (1990).

binding admission of amounts owed by ACE Auto to Walker and Boatright pursuant to OCGA § 24-3-30.

Walker and Boatright also claim that partial summary judgment was appropriate based on their affidavits and copies of the cancelled checks that had been cashed by ACE Auto. While those records serve as evidence establishing the amount of the loans, they do not resolve the conflict arising as to when the loans became due. As a result, Walker and Boatright have failed to make a prima facie showing that they were entitled to partial summary judgment as a matter of law, and the trial court properly denied their motions.[8]

2. Walker and Boatright also claim that the trial court erred in granting summary judgment to the individual Mason defendants based on its finding that Walker and Boatright were unable to pierce the corporate veil. Because the issue of piercing the corporate veil is a jury question, especially where there is evidence that "the corporate arrangement was a sham, used to defeat justice, to perpetrate fraud or to evade statutory, contractual or tort responsibility," we find that the trial court erred in granting summary judgment to the individual Mason defendants.[9]

Deborah Mason is the sole shareholder, officer, and director of ACE Auto, but she has never worked at the business, and her role is limited to signing its tax returns and maintaining its used car dealer license, bond, and insurance. Although Deborah Mason was the only person with actual or apparent authority over ACE Auto, she testified that she had never been involved in the business of the company, and she had apparently never taken any action in her role as the sole shareholder and director of the company. When Ms. Mason was notified that an ACE Auto check written by Dereck Mason had failed to clear the bank, however, evidence was presented showing that she covered the check personally.

While Leonard Mason had no official connection with ACE Auto, he was responsible for running its business, and Deborah Mason did not know of anyone else who was responsible for the company's affairs. Despite his work on behalf of ACE Auto, however, Leonard Mason was not paid "in check form or [any]thing like that," never received a W-2, and considered himself "self-employed."

In addition, while Leonard Mason knew that Walker and Boatright were holding the certificates of title as security for the loans used by ACE Auto to purchase the vehicles, he admitted that he would sell cars purchased with loaned funds without repaying

---

[8] See *Ga. Magnetic Imaging v. Greene County Hosp. Auth.*, 219 Ga. App. 502, 506 (3) (466 SE2d 41) (1995).

[9] *Derbyshire v. United Builders Supplies*, 194 Ga. App. 840, 844 (2) (a) (392 SE2d 37) (1990).

Walker or Boatright or even notifying them that the cars had been sold. When he sold vehicles without a certificate of title, Leonard Mason knew purchasers of those cars were sometimes "pulling" new titles.

Because Walker and Boatright presented evidence showing that the Masons were using ACE Auto to perpetrate fraud and that the corporate arrangement was a mere sham, the jury should have been allowed to consider whether the Masons could be held personally liable for the debts of ACE Auto.[10] As a result, the trial court erred in granting summary judgment to the Masons.

*Judgment affirmed in part and reversed in part. Barnes, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 27, 2008.

*Weiner, Shearouse, Weitz, Greenberg & Shawe, William G. Glass, David E. Laesser II*, for appellants.
*Thomas A. Nash, Jr.*, for appellees.

---

[10] See *Soerries v. Dancause*, 248 Ga. App. 374, 375 (546 SE2d 356) (2001) ("[T]he issue of piercing the corporate veil is for the jury, unless there is no evidence sufficient to justify disregarding the corporate form.").