**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 24, 2014

# In the Court of Appeals of Georgia

A14A0548. PATEL et al. v. PATEL et al.

MILLER, Judge.

Girish Patel and Kakas, Inc. ("Appellants") appeal from the grant of a motion to enforce a settlement agreement filed by Suryakant Patel and DJA Hospitality, Inc. ("Appellees"). Appellants generally contend that the agreement was not binding on Kakas because Girish Patel ("Girish") signed the settlement agreement in his individual capacity; Girish did not have the legal ability to fulfill some of the agreement's conditions; and the contract was unenforceable because the terms were not definite, certain, and unambiguous. We reverse because a question of fact remains as to the capacity in which Girish executed the settlement agreement.

On appeal from a trial court's order on a motion to enforce a settlement agreement, we apply a de novo standard of review. Because the issues raised are analogous to those in a motion for summary

judgment, in order to succeed on a motion to enforce a settlement agreement, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the nonmovant's case. Thus, we view the evidence in a light most favorable to the nonmoving party.

(Citations, punctuation, and footnotes omitted.) *Lamb v. Fulton-DeKalb Hosp. Auth.*, 297 Ga. App. 529 (677 SE2d 328) (2009).

So viewed, the limited record shows that Girish is the president of Kakas, which was the franchisee of a Holiday Inn Express in Commerce, Georgia. In May 2010, Girish and Kakas were involved in mediation with the Appellees as part of a lawsuit filed by the Appellees. At the completion of mediation, Girish signed an agreement that provided for a "Full and Final Settlement." The agreement provided, inter alia, that: Girish would transfer two properties – the Scottish Inn and an America's Best hotel – by limited warranty deed to Suyakent Patel ("Sam"); Girish would lease the Holiday Inn Express to Sam for one year; Girish would simultaneously provide Sam with a one-year option to purchase the Holiday Inn Express; Sam's option to purchase was contingent upon him obtaining financing of not more than $2,750,000 at an interest rate of five percent or less; Girish was required to stay current on the present loan covering the Holiday Inn Express; Sam

was required to pay the Holiday Inn Franchise fees and expenses; and Sam was required to pay $2,500 to an individual named "Daxa" for four consecutive months as severance pay.

According to Appellees, they paid $15,000 in application fees to have the Holiday Inn Express franchise transferred to them and their application was approved, although certain repairs needed to be completed. Appellees then contacted Girish's then-counsel to inform him that they were ready to close on the contracts agreed upon in the settlement agreement. Girish, with new counsel, then requested a jury trial on the underlying disputes, leading Appellees to file the instant motion to enforce the settlement agreement. In response, Appellants argued that the mediation document at issue was unenforceable because it consisted of promises to enter into future contracts, Girish signed the document in his personal capacity, Girish did not have the legal authority to transfer the Scottish Inn and the America's Best properties to Sam by warranty deed, and the mediation document was otherwise not definite, certain, and unambiguous. The trial court granted Appellees' motion, finding that Kakas owned the Scottish Inn and America's Best Hotel, Girish was Chief Executive Officer and sole share-holder of Kakas, and, as a result, Girish could effectuate the

3

transfers of the deeds. The trial court also ruled that the settlement agreement was definite, unambiguous, and enforceable.

1. On appeal, the Appellants argue that the trial court erred in granting the motion to enforce the settlement agreement because Girish signed the settlement agreement in his individual capacity, he did not hold legal title to these properties, and, therefore, the agreement was not binding on Kakas. For the following reasons, we agree that questions of fact remain as to this issue.

> The corporate identity is entirely separate from the identity of its officers and stockholders. A corporation and even its sole owner are two separate and distinct persons. One person may own all the stock of a corporation, and still such individual shareholder and the corporation would, in law, be two separate and distinct persons. And a corporation is not generally bound by the acts of its officers undertaken in their private capacities.

(Citations and punctuation omitted.) *Nationwide Mortgage Svcs., Inc. v. Troy Langley Const. Co., Inc.*, 280 Ga. App. 539, 542 (634 SE2d 502) (2006).

Generally, a single signature denotes that the person is signing in either an individual or representative capacity, but not both. *Groth v. Ace Cash Express, Inc.*, 276 Ga. App. 350, 353 (623 SE2d 208) (2005). Moreover, "[w]here there is a written contract, not under seal and not containing an integration clause, parol evidence is admissible to show the capacity in which one signed such agreement." (Citation

4

omitted.) *Volume Tire Co. v. O'Conner*, 190 Ga. App. 242, 243 (1) (378 SE2d 415) (1989).

(a) In this case, the settlement agreement was signed by Girish, but the agreement does not designate whether he signed in his individual or representative capacity or both. Furthermore, Girish stated in his personal affidavit that he signed the settlement agreement only in his individual capacity and not as a Kakas's representative. Girish also stated in an affidavit which he submitted in his official capacity as Kakas President that Kakas did not sign the mediation document. These affidavits were sufficient to create an issue of fact as to the capacity in which Girish signed the settlement agreement. See *Volume Tire*, supra, 190 Ga. App. at 243 (1).

(b) Although Kakas does not dispute participating in the mediation, there is also an issue of fact as to whether Girish, or the attorney representing Girish, had the authority to enter into a contract on behalf of Kakas. "As a general rule, the question of authority to do an act, when it is to be determined from disputed facts or undisputed facts from which conflicting inferences may be drawn, must be decided by the jury as a question of fact or as a question of mixed fact and law." (Citation omitted.) *Atlanta Limousine Airport Svcs., Inc. v. Rinker,* 160 Ga. App. 494, 495 (1) (287 SE2d 395) (1981).

5

(i) Here, a question of fact remains as to whether the agreement compelled the transfer of the America's Best property. Appellees argue that Girish is the controlling shareholder of Kakas, which holds the deed to the America's Best property. The trial court found that Girish is the sole shareholder of Kakas, but there is no evidence in the record to support this finding. Certainly, if Girish were the sole shareholder, he would be the only person with authority to effectuate the transfer of the America's Best property. See *Walker v. Ace Auto Sales & Leasing, Inc.*, 294 Ga. App. 267, 269 (2) (668 SE2d 877) (2008) (sole shareholder is the only person with actual or apparent authority over corporation). The record evidence, however, shows only that Girish is the president of Kakas, and there is no evidence reflecting the ownership of the corporation. Consequently, a question of fact remains as to whether Girish bound Kakas to transfer America's Best Inn to Appellees.

(ii) Similarly, there is a question of fact as to whether the agreement is enforceable to compel the transfer of the Scottish Inn. Appellants argue that Girish did not have the legal authority to agree to transfer the Scottish Inn because the deed is in the name of M.S.K.G.P. Corporation ("MSKGP"). The deed included in the record does not refer to the Scottish Inn, and there is no evidence identifying the property as being the Scottish Inn referred to in the settlement agreement.

6

Additionally, the deed shows that Girish quitclaimed an interest in the property to MSKGP in 2008. The evidence does not show that Girish is an officer of MSKGP, and no evidence in the record shows whether he has any ownership interest in the corporation. Consequently, it remains unclear whether and to what extent Girish could effectuate the transfer of the Scottish Inn via warranty deed.

(c) As for whether the attorney signing the agreement had the authority to bind Kakas, the record presents more questions of fact. "An attorney has apparent authority to enter into a settlement agreement on behalf of a client; and the client will be bound by such agreement, even in the absence of express authority, where the opposite party is unaware of any limitation on the attorney's authority." (Citations omitted.) *Omni Builders Risk, Inc. v. Bennett*, 313 Ga. App. 358, 360 (1) (721 SE2d 563) (2011). Here, the settlement document reflects that the attorney signed as the "Attorney for Defendant," yet the only named defendant in the agreement was Girish, and the settlement agreement contains no reference to Kakas at all. Moreover, the record does not show that Girish's attorney also represented Kakas, and we cannot presume that the attorney did. See, e.g., *Addley v. Beizer*, 205 Ga. App. 714, 716 (1) (423 SE2d 398) (1992) (attorney for corporation is not presumed to represent officers of corporation because the corporation and officers are distinct legal entities).

7

Consequently, there is question of fact as to the attorney's apparent authority to bind Kakas. See *Omni*, supra, 313 Ga. App. at 362 (1) (where client was present and refused to sign settlement agreement, the evidence did not support claim that attorney, who first signed the agreement, had apparent authority to bind client).

Given the limited record, there are questions of fact as to whether Girish signed the document in his individual or representative capacity and whether he, or his attorney, had the authority to enter into a contract to transfer the America's Best and Scottish Inn properties via limited warranty deed. Consequently, we must reverse the trial court's grant of the appellees' motion to enforce.

2. In light of our disposition in Division 1, we need not address the appellants' remaining arguments.

*Judgment reversed. Doyle, P. J., and Dillard, J., concur.*