[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14164
Non-Argument Calendar

_____

D.C. Docket No. 4:10-cv-00191-AT

E. JOHN HOSCH,

Plaintiff-
Counter Defendant-
Appellant,

versus

WACHOVIA BANK, N.A., et al.,

Defendants,

MICHAEL ANTHONY PROZER, III,

Defendant-
Counter Claimant-
Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 18, 2020)

Before WILSON, WILLIAM PRYOR, and JILL PRYOR, Circuit Judges.

PER CURIAM:

E. John Hosch appeals the district court's order dismissing his Georgia fraud, Georgia conspiracy to commit fraud, Georgia Racketeer Influenced and Corrupt Organizations Act (RICO), and federal RICO claims against Wachovia and Wells Fargo (collectively, the Banks) under Federal Rule of Civil Procedure 12(b)(6). He also appeals the court's order denying his motion for summary judgment and dismissing his amended complaint, which contained claims against Michael Prozer, due to his failure to comply with a prior court order. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

I.

First, the district court's decision to dismiss Hosch's fraud, conspiracy to commit fraud, and RICO claims against the Banks under Rule 12(b)(6). We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6), accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Edwards v. Prime*, *Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). However, we are not required to accept as true the labels and legal conclusions in the complaint. *Id.* Dismissal for

failure to state a claim is appropriate if the factual allegations in the complaint do not raise more than a speculative right to relief.  *Id.*

Hosch argues that he adequately pled facts as to his fraud and fraud-based RICO claims for the purposes of Federal Rule of Civil Procedure 9(b), and that his allegations were sufficient to establish vicarious liability on the Banks' part based on apparent authority, respondeat superior, negligence, and gross negligence.  We disagree.

As an initial matter, Hosch has waived several arguments by failing to adequately raise and brief issues.  An appellant's "passing reference to an issue in a brief" is insufficient to raise that issue, "and the failure to make arguments and cite authorities in support of an issue waives it."  *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012).  Regarding his RICO claims, Hosch makes no more than a passing reference to his disagreement with the district court's dismissal of his federal RICO claim, and he does not even suggest that the district court erred in dismissing his Georgia RICO claim.  We conclude that he waived those arguments.  As for his fraud and conspiracy-to-commit-fraud claims, Hosch did not raise an issue as to ratification, so to the extent those claims were premised on a ratification theory of liability, he also waived those arguments.

Further, we generally will not consider issues raised for the first time on appeal.  *Access Now, Inc. v. Sw. Airlines, Co.*, 385 F.3d 1324, 1332 (11th Cir.

2004).  Hosch did not assert a claim for negligence or gross negligence against the Banks in his amended complaint, nor does it appear that he otherwise raised that issue in the district court.  Though we have permitted exceptions to the general rule under five circumstances, those circumstances do not exist here.  *See id.*  Therefore, we will not consider these claims.

As a result, the only remaining issues regarding the order granting the motion to dismiss are whether the district court properly concluded that the Banks could not be held liable for fraud or conspiracy to commit fraud under the theories of respondeat superior[1] or apparent authority.  It did.

Where a plaintiff alleges fraud, he "must state with particularity the circumstances constituting fraud," though he may allege generally "[m]alice, intent, knowledge, and other conditions of a person's mind."  Fed. R. Civ. P. 9(b). A plaintiff may satisfy Rule 9(b)'s heightened pleading requirements if the complaint sets forth:

    (1)    precisely what statements were made in what documents or oral representations or what omissions were made, and

    (2)    the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and

    (3)    the content of such statements and the manner in which they misled the plaintiff, and

---

[1] The Banks argue that Hosch abandoned this issue, but we disagree.  Hosch made a distinct argument and cited caselaw specific to the theory of respondeat superior.

(4)    what the defendants obtained as a consequence of the fraud.

*Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th

Cir. 1997) (per curiam) (internal quotations mark omitted).  Rule 9(b)'s

requirements apply to state-law fraud and fraud-based RICO claims.  *See Am.*

*United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066–68 (11th Cir. 2007)

(analyzing a plaintiff's state-law fraud and fraud-based RICO claims under

Rule 9(b) and affirming the dismissal of those claims for failing to meet that rule's

heightened pleading requirements).

We need not get into the elements of fraud or conspiracy to commit fraud to

decide this case; analyzing the alleged agency relationship between the Banks and

its employee, Stan Salinas,[2] suffices here.  Under Georgia law, "[t]he principal

shall be bound by all the acts of his agent within the scope of his authority."

O.C.G.A. § 10-6-51.  "A bare assertion of the existence of an agency relationship,

when made by an outsider to the alleged relationship, is not a statement of fact, but

merely an unsupported conclusion of law."  *Thornton v. Carpenter*, 476 S.E.2d 92,

94 (Ga. Ct. App. 1996) (alteration omitted).

Under Georgia's theory of respondeat superior, a principal is liable for the

acts of its agent where the agent is acting "in furtherance of the [principal's]

---

[2] Hosch focuses exclusively on Salinas's actions as they relate to this issue, so we will too.  It appears that Salinas was the only actor from the Banks with whom Hosch interacted.

business . . . and . . . acting within the scope of [the principal's] business."
*Piedmont Hosp., Inc. v. Palladino*, 580 S.E.2d 215, 217 (Ga. 2003).  If the agent

commits a tort for reasons unconnected to his employment, the principal is not

liable for that conduct.  *Id.*  The principal also is not liable for its agent's tortious

acts when they are "committed not in furtherance of the [principal's] business, but

rather for *purely personal reasons* disconnected from the authorized business of

the [principal]."  *Id.* (internal quotation mark omitted); *see also Wittig v. Spa Lady,*

*Inc. of Marietta*, 356 S.E.2d 665, 666 (Ga. Ct. App. 1987) (holding that

employee's act of forging purported customer's signature to a company contract

was not within the scope of employee's employment and, thus, employer could not

be held liable).

"Apparent authority is that which the principal's conduct leads a third party

reasonably to believe the agent has; it creates an estoppel allowing third parties to

bind a principal to the agent's acts on account of the principal's conduct,

reasonably construed by third parties acting in innocent reliance thereon."  *Morris*

*v. Williams*, 448 S.E.2d 267, 269 (Ga. Ct. App. 1994).  Where the principal made

no manifestations of authority to a third party, "apparent authority is not in issue."

*Id.*  "Apparent authority is not predicated on whatever a third party chooses to

think an agent has the right to do, or even upon what the agent says he can do, but

[rather] must be based on acts of the principal which have led the third party to

believe reasonably the agent had such authority." *Thompson v. Gen. Motors Acceptance Corp.*, 389 S.E.2d 20, 21–22 (Ga. Ct. App. 1989) (internal quotation mark omitted).

Here, the district court did not err in dismissing Hosch's fraud or conspiracy-to-commit-fraud claims based on a theory of respondeat superior or apparent authority against the Banks. Starting with respondeat superior, Hosch failed to allege enough *facts* establishing that Salinas's actions were within the scope of his employment, notwithstanding the fact that he was the Banks' employee during the relevant time. Hosch's allegations indicate that Salinas converted the fraud proceeds for his personal use. Hosch did not allege that the Banks received any proceeds from or otherwise benefited from the fraudulent scheme, which indicates that the fraudulent scheme did not further their business. Rather, Hosch's allegations established that Salinas used his position with the Banks to obtain a purely personal benefit that did nothing to further the Banks' interests. If anything, Hosch's allegations, taken as true, indicate that Salinas was acting outside of the scope of his employment when he made fraudulent representations to Hosch.

We do not find Hosch's insistence to the contrary persuasive. Hosch's allegation that Salinas was working for the primary purpose of benefiting the Banks amounted to a legal conclusion that neither we nor the district court are bound to accept as true. To the extent that Hosch alleged that the Banks had an

interest in facilitating a banking relationship with Xchangeagent and Prozer, he failed to plead facts showing that the Banks' interest motivated Salinas's actions. And nothing suggests that the Banks obtained the relationship with Xchangeagent and Prozer that they allegedly desired. Therefore, the district court correctly concluded that the Banks could not be held liable under a theory of respondeat superior, given the allegations Hosch made.

As for apparent authority, Hosch failed to plead facts showing that the Banks engaged in conduct that would have cloaked Salinas with the apparent authority to make the fraudulent misrepresentations that induced Hosch to execute the Guaranty and provide the personal loan. Hosch says that Salinas was conducting the type of business that the Banks held him out to perform. But Hosch's subjective impressions and beliefs are not enough. Apparent authority could only have arisen based on representations that *the Banks* made to Hosch, but Hosch fails to allege, at least with enough specificity to survive dismissal, that the Banks made any such representations.[3] Finally, any awareness that the Banks had about the fraud is irrelevant because Hosch did not allege that the Banks made any

---

[3] Hosch relies on *Arrington & Blount Ford, Inc. v. Jinks*, 270 S.E.2d 27 (Ga. Ct. App. 1980), but that case is unhelpful because of its dissimilar procedural posture: appeal followed from denial of a motion for new trial, *id.* at 28. And, in any event, here Hosch rested on conclusory allegations and failed to allege facts about the *Banks'* representations to Hosch about Salinas and his employment responsibilities and authority to compare the two cases properly.

8

representation to him concerning any internal investigation.  Thus, the district court correctly concluded that the Banks could not be held liable under this theory.

In sum, the district court did not err in dismissing Hosch's claims against the Banks because he failed to plead facts that could have established their vicarious liability.[4]  We affirm the court's dismissal of those claims under Rule 12(b)(6).

## II.

Next, the district court's dismissal of Hosch's claims against Prozer for Hosch's failure to comply with its order and the local rule.  As an initial matter, we have jurisdiction to review this issue.  Prozer incorrectly argues that the Guaranty bars Hosch's claims and, therefore, our jurisdiction.  We see no support for this assertion.  At most, the Guaranty would function as a defense to those claims and would have no bearing on our authority to adjudicate them.

We normally review for an abuse of discretion a district court's dismissal for failure to comply with the rules of the court.  *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).  Under the Northern District of Georgia's local rules, "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff or [his] attorney . . .

---

[4] We need not address punitive damages; we have recognized that, under Georgia law, "[a] punitive damages claim is derivative of a plaintiff's tort claim, and where a court has dismissed a plaintiff's underlying tort claim, dismissal of a plaintiff's punitive damages claim is also required."  *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1304 (11th Cir. 2009).

after notice . . . fail[s] or refuse[s] to obey a lawful order of the Court in the case." N.D. Ga. Civ. R. 41.3(A)(2). "We give great deference to a district court's interpretation of its local rules." *United States v. Padgett*, 917 F.3d 1312, 1317–18 (11th Cir. 2019) (internal quotation mark omitted).

However, a dismissal with prejudice "is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd.*, 432 F.3d at 1337–38 (internal quotation mark omitted). "Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Id.* at 1338. We have stated that "[o]ur case law has articulated with crystalline clarity the outer boundary of the district court's discretion in these matters: dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Id.* at 1339.

The district court's consideration of alternative, lesser sanctions need not be explicit, if the record supports the conclusion that the court implicitly found that such sanctions would not better serve the interests of justice. *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). Yet, in *Betty K Agencies, Ltd.*, we clarified

10

that, though we had occasionally found implicit in an order the findings necessary to support dismissal, we had never suggested that the district court need not make a lesser-sanctions finding.  432 F.3d at 1339.  There, while "we look[ed] beyond the Dismissal Order in search of a reason to affirm," nothing in the record suggested that the plaintiff had "acted willfully or contumaciously," and the plaintiff's violation appeared to be its first and only violation of a court rule.  *Id.* at 1340.

A dismissal without prejudice that "has the effect of precluding a plaintiff from refiling his claim due to the running of the statute of limitations . . . is tantamount to a dismissal with prejudice, a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice." *Mickles on behalf of herself v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018) (internal quotation mark omitted) (citing *Burden v. Yates*, 644 F.2d 503 (5th Cir. Unit B 1981), which held that dismissal without prejudice was inappropriate when it had preclusive effect because the relevant statute of limitations had run, the plaintiff asserted his noncompliance with three pretrial orders and a prior version of Local Rule 41.3(A)(2) was due to negligence, and the district court failed to use lesser sanctions before dismissal).

At play here are several statutes of limitation; key to our decision is the one for federal RICO actions.  "The statute of limitations for [federal] civil RICO actions is four years," which "begins to run when the injury was or should have

11

been discovered, regardless of whether or when the injury is discovered to be part of a pattern of racketeering." *Lehman v. Lucom*, 727 F.3d 1326, 1328, 1330 (11th Cir. 2013) (internal quotation mark omitted).  Generally, "the filing of a lawsuit which later is dismissed without prejudice does not automatically toll the statute of limitations" for federal claims. *Justice v. United States*, 6 F.3d 1474, 1478–79 (11th Cir. 1993).

Hosch argues that the court abused its discretion by dismissing his claims against Michael Prozer based on his omission of two documents that the court ordered him to file.  We agree.

To start, the dismissal without prejudice functioned as a dismissal with prejudice for Hosch's federal RICO claim against Prozer.  Even if we assume that the statute of limitations started to run on the date that he filed his original complaint, it ran in November 2014.  The district court dismissed Hosch's claims in September 2018.  Thus, the district court was required to find both that Hosch engaged in a clear pattern of delay or willful contempt (contumacious conduct) and that lesser sanctions would not suffice.  *See Betty K Agencies, Ltd.*, 432 F.3d at 1337–38.

But it did not.  Setting aside the willfulness finding and Hosch's related arguments, at minimum, the district court did not find that lesser sanctions would not suffice.  Further, nothing in the order indicates that the court implicitly

12

considered lesser or alternative sanctions, and the record does not suggest that Hosch's conduct warranted a dismissal with prejudice.  Certainly, Hosch failed to comply with the district court's order by omitting documents the court ordered him to file; this he does not dispute.  Rather, he insists that he meaningfully complied with the order by filing a 25-page brief and other supporting documents and that his noncompliance was not willful.  And it appears that this failure to comply was his first.  Therefore, the district court improperly dismissed the amended complaint.

Finally, Hosch asserts that the court erred in failing to grant his motion for summary judgment against Prozer.  But because the district court did not reach the motion's merits or make initial findings as to the appropriateness of lesser or alternative sanctions, we remand so that the district court can address those issues in the first instance.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**